SUPERIOR COURT
OF THE
STATE OF DELAWARE

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

February 18, 2026

Andrew D. Cordo, Esquire
Wilson Sonsini Goodrich & Rosati, P.C.
222 Delaware Avenue
Suite 800
Wilmington, Delaware 19801

Katharine L. Mowery, Esquire
Gabriela Z. Monasterio, Esquire
Richards Layton & Finger PA
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

RE: *Mortgage Connect Document Solutions, LLC v. Green Industrial Development Group, LLC*, C.A. No. N23C-01-178 MAA CCLD

Dear Counsel:

The Court has reviewed the parties' submissions regarding Defendant Green Industrial Development Group, LLC's ("Green") post-trial letter[1] regarding open issues and Green's Motion for Reargument, or in the Alternative, to Alter or Amend the Judgement.[2] Both of Green's requests are denied.

*First*, Green argues the Court ruled inconsistently regarding Green's excluded brokerage commissions.[3] Plaintiff Mortgage Connect Document Solutions, LLC ("MCDS") correctly points out that the Court, in its Post-Trial Memorandum Opinion, held that commissions paid to Cushman & Wakefield were recoverable

---

[1] D.I. 177 ["Post-Trial Letter"].
[2] D.I. 178 ["Motion for Reargument"].
[3] Post-Trial Letter at 1-2.

pursuant to Lease Section 23.1, but that the commissions were already baked in to lost rent.[4]  Thus, to award lease commissions as a separate line expense for damages would amount to double-counting.

*Second*, MCDS's Motion for Reargument is denied.  Green's Motion for Reargument centers on one issue: "whether the Tenant Improvement Allowance addressed in the Court's January 20, 2026 Post Trial Memorandum Opinion. . . should offset Green's damages."[5]  Green requests either reargument on the issue or for the Court to "open the judgment to allow additional testimony."[6]

Motions for reargument are governed by Superior Court Civil Rule 59(e).  "The moving party faces a heavy burden on a motion for reargument."[7]  A motion for reargument "will be granted 'only if the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision.'"[8]  "A motion for reconsideration or reargument is not an opportunity to rehash

---

[4] D.I. 179, MCDS Letter dated February 3, 2026 at 2.  Green and MCDS agree that prejudgment interest should be calculated pursuant to Colorado Revised Statute § 5-12-102(1).  *Id.* at 2; Post-Trial Letter at 2.

[5] Motion for Reargument at 1-2.

[6] *Id.* at 1.

[7] *Long v. Johnson & Johnson Servs., Inc.*, 2020 WL 2850205, at *1 (Del. Super. June 2, 2020).

[8] *Snipe v. Boulden Servs., LLC*, 2024 WL 550095, at *1 (Del. Super. Feb. 8, 2024) (quoting *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016)).

arguments already decided by the Court, or to present new arguments that were not previously raised."[9]  Rule 59(a) provides that after a bench trial, "the Court may open the judgment, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."[10]

Green's Motion for Reargument presents neither overlooked applicable law nor new evidence.  Essentially, Green wishes to have a second bite of the apple at an already-briefed and decided issue: "by not having to pay for MCDS's buildout, Green is saving $1,232,864."[11]  Thus, "[u]nder Green's own expectation damages theory, to put Green back in the same position without a breach, including this amount would be double recovery."[12]  The Court notes again, as it did in the Post-Trial Memorandum Opinion, that Green did not dispute this deduction in either its Reply Brief or post-trial oral argument.[13]  If Green disagrees with the Court's finding, its remedy is to appeal to the Supreme Court of Delaware.

---

[9] *TIBCO Software Inc. v. NThrive Revenue Sys., LLC*, 2020 WL 86829, at *1 (Del. Super. Jan. 6, 2020) (cleaned up).
[10] Del. Super. Ct. Civ. R. 59(a).
[11] D.I. 176 ["Post-Trial Memorandum Opinion"] at 39.
[12] *Id.* at 40.
[13] *Id.* at 40 n.231.

Green's request pursuant to Rule 59(a) is similarly denied. Other than providing the standard for Rule 59(a), Green cites to no authority to support this remedy and certainly does not raise any reasons that would raise to the level of "manifest injustice."[14] Thus, Green's request to open the judgment to permit additional testimony on the issue is denied.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Meghan A. Adams*

_____
Meghan A. Adams, Judge

cc: All Counsel via File and Serve

MAA/ls

---

[14] *Zutrau v. Jansing*, 2014 WL 6901461, at *2 (Del. Ch. Dec. 8, 2014) (citations omitted).